

**Signed and Filed: November 21, 2008**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No: 05-30164 TC |
| ANTHONY KENNETH BARBARIA and ILLONA DRUCKER BARBARIA, fka ILLONA DRUCKER, | Chapter 11 |
| Debtors. | |

**MEMORANDUM RE MCNUTT LAW GROUP'S FIRST INTERIM FEE APPLICATION**

On October 8, 2008, counsel for the chapter 11 trustee (Trustee) filed an application for compensation and reimbursement of expenses (Fee Application). Debtors and Patco Trucking, Inc. have each filed an objection to the Fee Application.

Upon due consideration, and for the reasons stated below, the court overrules the objections to the Fee Application, and allows the fees and expenses in the amounts sought, subject to the agreement between applicant and Trustee to cap their collective fees at $150,000. This memorandum constitutes the court's findings of fact and conclusions of law.

**FACTS**

On February 13, 2006, the court entered an order approving Trustee's application to employ McNutt Law Group (MLG) as counsel. The Fee Application seeks final allowance of $150,419.25 in fees and reimbursement of $9,490.56 in expenses incurred for the period of January 10, 2006 through October 3, 2008. Of this amount, $13,503.75 concerns fees for services provided regarding the estate's appeal of a prepetition judgment in a state-court action by SFC Leasing against Debtors. Brett Pedersen was specially employed by the estate to prosecute Debtors' appeal of the SFC Leasing judgment.

The estate currently holds about $250,000.

Creditor Patco Trucking, Inc. and Debtors each filed an objection to the Fee Application. Patco Trucking objects, not to the amount of fees sought, but rather to the estate's payment of professionals' fees when Patco, a general unsecured creditor, may not be paid in full. Debtors' objection asserts that: (1) the assets in the estate were liquidated rather than reorganized; (2) that MLG made no effort to resolve creditor claims; (3) that fees related to the SFC Leasing appeal should not be allowed because they duplicate work performed by Brett Pedersen; and (4) that the fees charged are excessive relative to fees generally charged by bankruptcy counsel.

On November 6, 2008, Trustee filed a response to the objections. Trustee asserts that the real properties owned by the estate were liquidated pursuant to the confirmed plan in this case, that this liquidation generated the bulk of funds brought into the

**MEMO RE MCNUTT LAW GROUP FEE APP.**
-2-

estate, and that the liquidation was extremely time consuming due to interference with the process by Debtors. Trustee asserts that he has successfully objected to many claims, that he has concluded substantially all claim objections, and that he is ready to make a first and final distribution to creditors. Trustee contends that he cannot make a distribution until he has resolved the large priority claims of the Internal Revenue Service and Franchise Tax Board, and that he has been unable to resolve these claims because Debtors have failed to file their 2004 tax return needed for the taxing authorities to determine the correct claim amounts. In addition, Trustee asserts that he and MLG have agreed to cap their collective fees at $150,000.[1]

**DISCUSSION**

The court has reviewed the Fee Application. I determine that, other than the fees re SFC Leasing (see below), the compensation sought is reasonable and is for actual, necessary services rendered, and expenses incurred, by MLG on behalf of Trustee. 11 U.S.C. § 330(a). I determine that it was appropriate for MLG to bill the estate for its work monitoring the SFC Leasing appeal. I need not reach the issue of whether $13,503.75 is a reasonable sum for this work, because the stipulation between MLG and the chapter 11 trustee to reduce their fees to no more than $150,000 renders this issue moot.[2] I determine that the hourly rates charged by MLG,

---

[1] Although Trustee has not yet filed his fee application, he estimates that his fees and expenses exceed $60,000.

[2] The agreement of MLG and Trustee to limit their fees to a collective $150,000 voluntarily reduces their fee requests by $60,000, much more than any reduction this court would make

**MEMO RE MCNUTT LAW GROUP FEE APP.**

-3-

which range from $250-$475 per hour for the attorneys, and from $100-$150 per hour for legal assistants and paralegals, are reasonable based upon the customary compensation charged by other experienced bankruptcy professionals in San Francisco. I note that Debtors' persistent interference with Trustee's administration of the estate increased the amount of time Trustee and MLG were required to spend on services related to administration of the estate.

The Bankruptcy Code requires payment of administrative expenses, such as those of MLG, before payment of non-administrative expenses, such as general unsecured claims. 11 U.S.C. §§ 503, 507(a), 1129(b); see Order Confirming Trustee's Modified Plan of Reorganization (Docket No. 359). Accordingly, Patco's objection must be overruled.

The court will enter a separate order approving the fees and expenses in the amount sought, subject to the $150,000 cap on the combined fees of MLG and Trustee.

**\*\*END OF MEMORANDUM\*\***

---

regarding MLG's work on the SFC Leasing appeal.

**MEMO RE MCNUTT LAW GROUP FEE APP.**

-4-

## Court Service List

Ilona & Anthony Barbaria
3131 Shelter Creek Lane
San Bruno, CA 94066

Ilona & Anthony Barbaria
1521 Freswick Drive
Folsom, CA 95630

Ilona & Anthony Barbaria
P.O. Box 969
San Bruno, CA 94066

Scott H. McNutt, Esq.
Law Offices of McNutt & Littenker
188 The Embarcadero #800
San Francisco, CA 94105

Hank M. Spacone
P.O. Box 255808
Sacramento, CA 95865

**MEMO RE MCNUTT LAW GROUP FEE APP.**